IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRIA GRANT<br>*FOR A.D.*<br><br>v.<br><br>ANDREW SAUL,[1]<br>*COMMISSIONER OF SOCIAL SECURITY* | CIVIL ACTION<br><br>No. 18-1338 |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                        **March 31, 2020**

Plaintiff Andria Grant seeks review of the denial of social security benefits for her child, A.D. United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation that recommends this Court grant Grant's request for review. The Court will adopt the Report and Recommendation because the Administrative Law Judge (ALJ) who denied A.D.'s benefits was unconstitutionally appointed. The Court will thus overrule the Commissioner's objections to the Report and Recommendation, and Grant's case will be remanded for a hearing in front of a properly appointed ALJ.

**BACKGROUND**

Grant brought this case on March 30, 2018. A few months later, prompted by the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018), the Social Security Administration conceded its ALJ's had been unconstitutionally appointed. *See Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020). The Court subsequently referred the case to Judge Lloret. In January 2020, Judge Lloret directed the parties to submit supplemental

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

briefing on whether this case should be remanded to the Social Security Administration because it was decided by an unconstitutionally appointed ALJ. After reviewing the parties' briefing, Judge Lloret issued a Report and Recommendation recommending the case be remanded. The Commissioner objects to this Report and Recommendation. He argues the case should not be remanded because Grant failed to administratively exhaust her Appointments Clause claim and she forfeited this claim by not raising it in her opening brief in this case.

**DISCUSSION**

Neither exhaustion nor forfeiture are a bar to remand here. Initially, the Commissioner's exhaustion argument is foreclosed by the Third Circuit's recent decision in *Cirko*. 948 F.3d at 153. In *Cirko*, the Third Circuit, facing an almost identical situation, held "exhaustion of Appointments Clause claims is not required in the SSA [Social Security Administration] context." *Id.* The Commissioner argues *Cirko* was improperly decided. The Commissioner acknowledges, however, this Court has no authority to overrule the Third Circuit's binding precedent. Therefore, Grant did not have to exhaust her claim in front of the Social Security Administration, and her failure to do so is not fatal to remand.

Grant's forfeiture of her claim in front of Judge Lloret is likewise not fatal to remand. A party forfeits a claim when she negligently fails to address it in her opening brief. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146-47 (3d Cir. 2017) (explaining the difference between forfeiture and waiver). Despite a party's forfeiture, a court retains some discretion to overlook the forfeiture and decide the issue. *Id.* at 146-48. It is particularly appropriate for a court to exercise this discretion when the forfeited issue is purely legal in nature. *See id.* at 147-48 (listing cases where the Third Circuit has considered forfeited legal issues). A court should exercise its discretion to overlook a forfeited legal issue "where refusal to reach the issue would

2

result in a miscarriage of justice or where the issue's resolution is of public importance." *Id.* at 147 (internal citations omitted).

As the Judge Lloret explained in his Report and Recommendation, the Court should exercise its discretion to overlook Grant's forfeiture here. The Appointments Clause issue raised in this case is purely legal, and refusing to reach this issue would result in a miscarriage of justice. Both the Supreme Court and the Third Circuit have stressed that Appointments Clause claims should be addressed on the merits despite waiver or forfeiture. In *Freytag v. Comm'r*, the Supreme Court noted "Appointments Clause objections to judicial officers . . . could be considered on appeal whether or not they were ruled upon below." 501 U.S. 868, 878–79 (1991); *see also Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962) (describing *Lamar v. United States*, 241 U.S. 103 (1916), where an Appointments Clause challenge "was heard here [in the Supreme Court] and determined upon its merits, despite the fact that it had not been raised in the District Court or in the Court of Appeals or even in this Court until the filing of a supplemental brief upon a second request for review."). In *Cirko*, the Third Circuit summarized the importance of reviewing Appointments Clause challenges as follows, "Appointments Clause challenges—given their importance to separation of powers and, ultimately, individual liberty—are claims for which a hearing [and a decision] on the merits is favored." 948 F.3d at 155. If the Court ignored Grant's Appointments Clause claim here, it would be refusing to vindicate these important interests which have counseled in favor of review of Appointments Clause challenges on the merits both in the Third Circuit and in the Supreme Court.

The Commissioner encourages the Court to nonetheless enforce Grant's forfeiture and refrain from deciding the issue on the merits. His arguments are unavailing.

First, the Commissioner raises several issues that would be equally applicable in any case involving forfeiture without explaining why those issues should overcome the strong constitutional interests at play here. For example, the Commissioner complains that he spent time and energy briefing issues that will never be addressed by the Court, but this is a risk inherent in overlooking any forfeiture. Indeed, even when there is no forfeiture, parties sometimes brief issues not decided when a court's decision on one issue forecloses a party's argument on another issue. The Commissioner also argues overlooking forfeiture here would prevent the orderly administration of justice because Grant's forfeited claim was addressed for the first time in supplemental briefing ordered by Judge Lloret, but there is no basis to distinguish supplemental briefing ordered by a judge from supplemental briefing requested by a party. *Cf. Glidden*, 370 U.S. at 536 (describing *Lamar*, 241 U.S. 103 where an Appointments Clause challenge was raised for the first time in a supplemental brief and still reviewed on the merits). Finally, the Commissioner points out that it would not be unfair to hold Grant responsible for her attorney's failure to raise an issue, but this is again true in all forfeiture cases. In addition, as Judge Lloret noted, the public perception of fairness may be harmed if other similarly situated plaintiffs get relief while Grant does not.

Second, the Commissioner argues the *Cirko* court did not intend its holding to apply to cases where the Appointments Clause issue was never raised in front of the District Court. The Court agrees that *Cirko* does not directly address the forfeiture issue raised here, which is why the Court has relied on general forfeiture rules rather than concluding *Cirko* mandates this Court's decision. Nonetheless, as explained above, *Cirko*'s discussion of the importance of hearing Appointments Clause challenges on the merits is instructive in considering the forfeiture issues in this case.

**CONCLUSION**

Grant was not required to exhaust her Appointments Clause claim in front of the Social Security Administration, and this Court will exercise its discretion to overlook Grant's failure to raise this claim in her initial brief in this case. The Court will therefore approve and adopt Judge Lloret's Report and Recommendation, overrule the Commissioner's objections, remand this case to the Social Security Administration, and enter judgment in Grant's favor.

An appropriate order follows.

                 BY THE COURT:


                 <u>/s/ Juan R. Sánchez</u>
                 Juan R. Sánchez, C.J.